[Civ. No. 31234. Second Dist., Div. Four. May 24, 1968.]

FRANK B. WORDEN et al., Plaintiffs and Appellants, v. UNITED CALIFORNIA BANK, Defendant and Respondent.

Westrum & Harvey and George R. Harvey for Plaintiffs and Appellants.

Swanwick, Donnelly & Proudfit and Claire D. Johnson for Defendant and Respondent.

BISHOP, J. pro tem.*—This action began life in the Los Angeles Municipal Court with its prayer for a declaratory judgment to the effect that the rights of the defendant in dividends paid to it out of an estate in bankruptcy are subordinate to the rights of the plaintiffs and should be held by the

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

defendant in trust for them. In its answer the defendant challenged the jurisdiction of the municipal court to entertain an action for declaratory relief, under section 1060, Code of Civil Procedure, and the action was transferred to the superior court.

There was no evidence taken. An agreed statement of facts was filed April 5, 1966, and an exchange of briefs arranged. These are in the original file, which is in our hands. Upon the submission of the matter the trial judge ordered findings in favor of a judgment that would give plaintiffs nothing. Such a judgment was entered and plaintiffs appealed. We are affirming the judgment.

■ There can be no dispute as to the facts, with such a record, and there is none. The plaintiffs were conducting a business under the name of Ajax Wire Co., when, in 1957, they sold out to Ajax Wire Corporation, through an escrow conducted by the defendant bank. Plaintiffs received, as a result of the sale, a promissory note of the corporation (as we shall refer to the Ajax Wire Corp.), for $39,120, payable $525 per month, including interest. This note was secured by a purchase money chattel mortgage dated April 24, 1957.

By many avenues the defendant bank was fully aware of, and knew all about, the note and chattel mortgage. The chattel mortgage was never re-recorded (as required by section 2957 of the Civil Code, before its repeal in 1963). On February 8, 1963, the defendant bank made a loan of $12,500 to the corporation, taking no security.

On October 17, 1963, the corporation (Ajax Corp.) was adjudicated a bankrupt in the Los Angeles federal court. The chattel mortgage of the plaintiffs was held to be invalid as to the trustee in bankruptcy because it had not been re-recorded, and both the plaintiffs and the defendant bank were unsecured creditors so far as the bankruptcy proceeding was concerned.

In February of 1964 the trustee in bankruptcy sold the chattels securing the note for $11,000 cash. Thereafter, the trustee in bankruptcy entered into negotiations with the defendant bank on alleged preferences and made a settlement, whereby the defendant paid the trustee $7,000, and was allowed to file an unsecured creditor's claim in bankruptcy proceeding pursuant to the provisions of section 57n of the National Bankruptcy Act. It is stated, both in the agreed statement of facts and in the court's findings of fact, that the

total amount of distributable assets of the bankrupt corporation was $11,293.33. "Of this amount, $11,000.00 represented proceeds of the sale of the chattels covered by said Chattel Mortgage given by the corporation to plaintiffs, which mortgage was set aside by the Trustee in Bankruptcy and $7,000.00 represented the funds paid by United California Bank, to avoid preferential transfers alleged to have occurred in relation to the unsecured loan of February 8, 1963."[1]

Thereafter, in the course of distribution in the bankruptcy proceedings, the defendant bank received $2,859.67 of its claim for $7,000 and plaintiffs $4,014.14 of their claim for $9,825.95, the balance due them.

The plaintiffs make no claim that the result reached in the bankruptcy proceedings was anything but correct, tested by the law governing them. That which they claim is that the result of those proceedings, correct though they were in law, worked an injustice in equity, and it is an equitable readjustment that they seek. As we understand their position, it is this: the defendant bank at all times knew about the balance due plaintiffs from the bankrupt, and knew that it was secured by the chattel mortgage, even though it was not re-recorded. The effect of the failure to re-record the chattel mortgage operated to keep them from having the full benefit of the chattel mortgage in the bankruptcy court, but it did not operate to make their claim inferior to that of the defendant bank as a matter of justice. It is a vindication of that claim against the advantage given the defendant bank in the distribution in bankruptcy that they seek to have corrected.

Had the trustee in bankruptcy not been able to distribute any sum to any of its general creditors, it is clear, we submit, that the plaintiffs would have no basis for any judgment here against the defendant bank. As a result of the bankruptcy proceedings sufficient assets were gathered to provide a payment to the general creditors of about 41 percent of their claims. In paying over to each creditor the amount due under distribution, no injustice will be done to any other person. No creditor need wince because he is becoming unduly enriched. We agree with the trial court that the defendant United Bank was not made to appear to be treating the plaintiff unfairly or

---

[1] The mathematics of this stipulation of fact escapes us. We treat it as meaning (so far as this appeal is concerned) that the fund available for distribution to unsecured creditors (and thus to the Bank) was increased by the proceeds of the sale of the property that would have been subject to plaintiffs' chattel mortgage had that mortgage still been valid.

unequitably. Any special position the plaintiffs may have enjoyed they lost in the course of the events of this case.

The judgment should be, and it is, affirmed.

Files, P. J., and Kingsley, J., concurred.